## CITY OF PAWHUSKA v. RUSH.

No. 1079.    Opinion Filed November 14, 1911.

(119 Pac. 239.)

1. PARTIES—Misjoinder—Demurrer. Under the Code of this state, misjoinder of parties is not ground for demurrer.

2. APPEAL AND ERROR — Review — Harmless Error—Prejudicial Effect. By section 4344 of Wilson's Rev. & Ann. St. 1903, this court is required to disregard all errors and defects in the pleadings and proceedings of an action that do not affect the substantial rights of the adverse party.

3. MUNICIPAL CORPORATIONS—Torts—Nuisance in Alley—Petition. In an action against a city and a private person for damages resulting from a nuisance in an alley, plaintiff alleges as her cause of action that defendant permitted the nuisance to be constructed and maintained in the alley; and that "the defendants and each of them failed, neglected, and refused to abate such nuisance when notified to do so." Held, that the petition sufficiently alleges notice to the city of the existence of the nuisance, and negligence on its part thereafter in removing same, to be good against a demurrer.

(Syllabus by the Court.)

*Error from Osage County Court; C. T. Bennett, Judge.*

Action by Nannie M. Rush against the City of Pawhuska. Judgment for plaintiff, and defendant brings error. Affirmed.

*Paul B. Mason,* City Atty., for plaintiff in error.

*E. E. Grinstead,* for defendant in error.

HAYES, J.   This action was prosecuted in the court below

by defendant in error, hereinafter called plaintiff, against plaintiff in error, hereinafter referred to as the city, and one James R. Pearson, to recover damages. Plaintiff recovered in the court below separate judgments against the city and its codefendant. From the judgment against it, the city prosecutes this appeal.

Plaintiff alleges in her petition in the trial court that she is owner of a certain lot in the city of Pawhuska on which she and her family have resided as their home; that there are two alleys running through the block in which her lot is situated, which are necessary in order that she may have egress and ingress to and from her lot, and complete enjoyment and use of her property. She alleges that defendants and each of them have permitted to be closed up and obstructed, and have closed up and obstructed, said alleys; that they have destroyed the egress and ingress over same to her lot, and have permitted and caused to be deposited therein large quantities of manure, filth, and other noxious substances, and have caused to be erected thereon cattle and hog pens; and that, because of the unhealthy and offensive odors arising therefrom, she and her family have been compelled to abandon their home; that her property has been depreciated in value; and that she has been compelled to lay out and spend large sums of money for medical treatment, because of which she prayed for judgment in the total sum of $950.

There was a motion by the city to require plaintiff to make her petition more definite and certain in several respects, one of which was that she be required to state how much damage she claimed for money expended for medical purposes, and the amount she expended; and that she be required to attach an itemized account of all the money so paid out. Failure to grant said motion as to this ground is complained of under the first assignment of error urged in the brief of the city's counsel. There is some merit in this contention. Money paid out or contracted to be paid out for medical attendance or medicine is special damages, and should be specially pleaded, and the sum so expended should be alleged, in order to entitle a recovery therefor. *Houston City St. Ry. Co. v. Richart* (Tex. Civ. App.) 27 S. W. 920;

Bates on Plead. & Prac. vol. 1, p. 291. But we think the refusal of the court to require plaintiff to plead the amount expended by her for medical purposes, in view of the subsequent proceedings at the trial, was without prejudice to plaintiff in error. No evidence was introduced to establish any damages whatever arising from this cause, and the court in instructing the jury as to the measure of plaintiff's damages did not include as an element thereof money expended for medical purposes. We cannot see how the mere pleading in the petition that money was expended or contracted to be expended by plaintiff for such purposes, without pleading the amount thereof, could have prejudiced the substantial rights of the city, when all claim for damages on that account was abandoned by plaintiff in the subsequent proceeding at the trial. The court is required by the statute to disregard errors and defects in pleadings or proceedings that do not affect the substantial rights of the adverse party. Section 4344, Wilson's Rev. & Ann. St. 1903. The overruling of the motion, therefore, while error at the time the court acted, does not alone require a reversal of the judgment.

To plaintiff's petition there was a general demurrer filed by the city, setting up several specific grounds of demurrer, two of which were misjoinder of parties, and that the petition failed to allege that the city had notice of the nuisance in the alleys and failed thereafter to remove same. As to the first of these grounds, it is setted under our Code that misjoinder of parties is no ground for demurrer. *Marth v. City of Kingfisher et al.*, 22 Okla. 602, 98 Pac. 436, 18 L. R. A. (N. S.) 1238.

The petition charges the city with acts, both of commission and omission, in maintaining and permitting the nuisance in the alleys, by which plaintiff's access to her property was obstructed and her lot rendered unsuitable for residence purposes. It charges that the defendants caused to be constructed and did construct and maintain the nuisance in the alleys, and also charges that they (defendants) permitted said nuisance to be maintained therein. No notice is necessary to establish negligence where the city itself committed the act complained of. The doing of the negli-

gent act is sufficient to charge the city with knowledge of it. Abbott on Municipal Corporations, vol. 3, § 1040. Since the petition charges the city with an act of commission, as well as an act of omission, the demurrer thereto for failure to allege notice should not be sustained; for, in any event, a cause of action is stated as to the act of commission. But we do not think the petition so defective in alleging negligent acts of omission as to render it vulnerable to a demurrer. Where the negligent act is not committed by the city, but the ground of liability is that the corporation permitted the act to be committed by others, and the obstruction created thereby to remain in the streets, alleys, or public highways, the burden is upon plaintiff to allege and prove that the corporation had notice or reasonable knowledge of the wrongful acts or existence of the nuisance. Abbott on Municipal Corporations, vol. 3, § 1034. The petition does allege that "the defendants and each of them failed, neglected, and refused to abate such nuisance when notified so to do." This allegation of notice is not as specific and definite as good pleadings require, but it is good as against a demurrer. The fair meaning of this language is that notice was given to defendants to abate the nuisance, but that they not only failed and neglected, but refused, to do so.

There was a demurrer to defendant in error's evidence, which was overruled and exceptions saved. There is no evidence tending to show that the city or its agents had anything to do with placing the obstructions in the alleys. The theory of the city's liability upon which the case was prosecuted at the trial was that the city, with knowledge of the existence of the obstruction in the alleys, and that its codefendant was maintaining therein a nuisance, by which defendant in error's property was injured, and the health of herself and family endangered and impaired, permitted him to do so, and failed to abate or to make any effort to abate the nuisance. Under an assignment of error complaining of the court's overruling the demurrer to the evidence, counsel for the city contends in his brief that, while in platting the town site alleys were laid out upon the plat where

said barn and lots stand, the alleys do not in fact exist; that they have never been opened, and have never been used by the public for the purpose of travel, or by adjoining property owners as a means of access to their property; and that if the nuisance exists at all it is a private nuisance, maintained by the owner of the property upon his own property, for which no liability exists against the city. We think the city is precluded by admissions in its answer from making this contention at this time. Plaintiff in her petition alleges the existence of the alleys in the block, and the city in its answer makes no general denial, but denies only such allegations in the petition as are not specifically admitted. One of the specific admissions in the answer is that the two alleys do exist in the block described, as alleged in the petition.

Finding that none of the errors assigned requires a reversal of the cause, the judgment of the trial court will be affirmed.

TURNER, C. J., and KANE and WILLIAMS, JJ., concur; DUNN, J., not participating.