## SAMUEL GORDON & CO. v FARMERS' TRADING CO.

No. 2232. Opinion Filed November 19, 1912.

(128 Pac. 1082.)

1. **APPEAL AND ERROR—Review—Nature of Ruling—Prejudice.** A cause will not be reversed because the trial court sustained a demurrer to the evidence, when there is no evidence reasonably tending to support the plaintiff's case, and where it is entirely apparent that justice has been done by the ruling.

2. **SALES—What Constitute.** Plaintiff's traveling salesman having agreed to furnish, through defendant, a diamond ring for L., who was his friend, the ring was sent to defendant with the bill, on which it was stated that the ring was for L., and that it might be returned at once, if not satisfactory. Defendant, in reply, wrote that it did not care to assume responsibility for collecting the invoice, unless it received 10 per cent. profit, to which plaintiff replied, offering 2 per cent. for collection, and agreeing that defendant should keep the monthly payments made by L. until the account was paid. Shortly afterwards and before delivery of the ring to L., it was stolen in a bank robbery. **Held,** not to constitute a sale of the ring to defendant.

(Syllabus by Ames, C.)

*Error from Atoka County Court;*
*J. H. Linebaugh, Judge.*

Action by Samuel Gordon & Company against the Farmers' Trading Company. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. M. Humphreys,* for plaintiff in error.

*D. H. Linebaugh,* for defendant in error.

Opinion by AMES, C. The trial court sustained a demurrer to the plaintiff's evidence, and the question now involved is whether there was any evidence reasonably tending to support the plaintiff's cause of action. The plaintiff testified that he sold the defendant the ring. He also testified that the ring was for one Levine; that he knew Levine, who was a friend of his, and that he did not know Rosinky, who seems to have been the defendant, and that he had never met any member of the Farmers' Trading Company before the ring was sent. At the time the ring was shipped to the defendant, the following bill was sent them:

"All claims must be made upon receipt of goods. Rochester, N. Y., Sept. 21, 1907. Farmers' Trading Co., Lewis, I. T. Bought of Samuel Gordon & Co., Jobbers in Watches, Diamonds, Jewelry, and Optical Goods, Clocks, Silverware, Tools, Materials, etc., 143 Main Street East. Terms: 1 diamond ring, No. 3440, $173.00, for Mr. Leon A. Levine. If not satisfactory he may return at once."

At the same time the plaintiff wrote Levine:

"I am sending you today the ring which you selected of me and I am sure that you will find that it is the cheapest ring and I am saving you from $50 to $60 on the same. If you decide not to keep it kindly return at once, and greatly oblige."

When the defendant received the ring, it wrote the plaintiff as follows:

"We are in receipt of an invoice and diamond ring for Leon A. Levine. Please give us more information regarding same, as we don't like to have any responsibility unless there is some thing in it for us for collecting same. We will take care of the deal for 10 per cent. of the invoice. Otherwise we do not care to keep the ring, and run chances of losing it. Please let us hear from you."

To this letter the plaintiff replied as follows:

"Replying to your letter of recent date would say that Mr. Leon Levine saw our Mr. Gordon when he was at Atoka and was shown the diamond ring and the exact value was given him according to our record. It is absolutely impossible for us to do any better on it, but we will allow you 2 per cent, for collection. If this is satisfactory we will thank you for your attention to it. The agreement between Mr. Levine and our Mr. Gordon was to send us $50.00 at time of purchase and pay

$15.00 per month until paid for, as our Mr. Gordon has stated that Mr. Levine is a friend of his.   If you decide to take the matter up you may keep the monthly payments of $15.00 for us until it is paid up and then send us check."

Shortly afterwards the ring was stolen on the occasion of a bank robbery at Lewis, Ind. T., and thereupon the plaintiff claimed that the defendant owed him for it.

Notwithstanding the plaintiff's statement that he sold the ring to defendant, it is apparent from the other testimony referred to, all of which was produced by him on the witness stand, that the ring was not sold to the defendant, and the minds of all reasonable men must agree on this point; and while, under the strict rule of this court, it might have been better to submit this case to the jury, it is so clear that the judgment of the trial court was correct that we think the case should be affirmed.

By the Court:   It is so ordered.