**YOUNG et al. v. SMITH, Adm'r.**

No. 24811.   March 26, 1935.

Brown & Brown, for plaintiffs in error.

Sigler & Jackson, for defendant in error.

PER CURIAM. T. L. Smith, as administrator of the estate of J. Milton Turner, deceased, filed his petition in the district court of Carter county, against James S. Young, who was formerly executor of the same estate, but who had been removed by order of the county court of Carter county, Okla., and against S. T. Wiggins, his attorney in the administration of such estate, to recover $1,500, which the county court had ordered the defendant Young to pay to his successor, plaintiff below. Such sum represented the sale price of real estate belonging to said estate. The petition is brief, but alleges, in substance, that the two defendants entered into a conspiracy for the purpose of cheating and defrauding the estate. The defendant answered by way of general denial. Although the briefs of counsel referred to the demurrer to the petition, no such demurrer appears in this record. The case was tried to the court without a jury, and at the conclusion of the plaintiff's evidence, which consisted entirely of the testimony of the two defendants, except for the records of the county court introduced and admitted in evidence, the defendants demurred to such evidence. Such demurrer was joint and was overruled by the court, and exceptions saved.

At the conclusion of all the evidence, the case was taken under advisement by the trial judge, who subsequently returned his judgment in favor of the plaintiff and against each of the defendants.

The evidence introduced discloses that the plaintiff in error Young, as executor, and the plaintiff in error S. T. Wiggins, as his attorney, acting in concert, sold the property referred to at the executor's sale; that Wiggins placed a bid and a return of the sale was made to the court, showing that the property had been sold for the sum of $1,500 cash. Thereafter, a deed was issued to one Brassfield; that plaintiff in error Wiggins accepted said deed and delivered the same by mail to Brassfield, and said sum of $1,500 was never paid; that Brassfield conveyed the property to one Beason, who later, and at the instance of the

plaintiff in error, reconveyed the property to persons designated by the said plaintiffs in error.

The issues raised by the pleadings are by no means positive or definite. The testimony of the witnesses is confusing, but the lower court, who had the opportunity to view such witnesses while they were on the witness stand and under oath, and determine from the testimony and appearance the truth or falsity of their testimony and the weight to be given to the same, found that the evidence was sufficient to support the judgment against the defendants below, who are the plaintiffs in error in this court.

The correctness of sustaining or overruling of a demurrer to the petition is not before us, since the record does not reveal that any such demurrer was filed.

This court has held that where any competent evidence has been presented tending to prove the issues, it is proper to overrule a demurrer to the evidence. St. Louis & S. F. R. Co. v. Jamieson, 20 Okla. 654, 95 P. 417.

We cannot say that, as a matter of law or fact, the evidence introduced at the trial was not sufficient to justify the judgment rendered.

The evidence of fraud, particularly as to the plaintiff in error Wiggins, was entirely circumstantial in its character. In respect to such evidence, this court has held:

"Circumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof." Wingate v. Render, 58 Okla. 656, 160 P. 614.

The entire record has been carefully examined and considered, and nothing being found to justify this court in overthrowing the verdict returned by the court below, in view of all the evidence had, we recommend that the judgment be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys J. E. Burns, C. L. Armstrong, and R. O. Wilson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Burns and approved by Mr. Armstrong and Mr. Wilson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur.