## WATTS v. BUELL et al.

No. 25744.    April 23, 1935.

Rehearing Denied May 21, 1935.

Max G. Cohen, for plaintiff in error.

Saul A. Yager, for defendants in error.

PER CURIAM.  Plaintiff alleges that on October 10, 1933, he delivered to an agent of defendants his check payable to defendants, in the sum of $1,000, with a verbal understanding that the check was to be used and cashed only in event a proposed deal or contract was made with defendants for the sale by them of certain oil and gas royalties; that plaintiff submitted a proposed written contract for such sale, but that the same was not executed and did not become binding upon the parties thereto; that as soon as he learned no deal would be made he demanded return of the check; that defendants refused to return the check, but presented it to the bank on which it was drawn and secured a cashier's check in their favor for $1,000. He sued for said cashier's check, or the value thereof, in the sum of $1,000.

Defendants, in their answer, allege the check was delivered to them in pursuance of a written contract, to be applied as a part of the purchase consideration of the property described in the contract; that defendants performed all the conditions of the contract required on their part, but plaintiff failed and refused to perform the terms of the contract and refused to pay the balance of the purchase price.

A jury was waived and the case tried to the court.

Plaintiff caused an attorney to prepare a letter addressed to defendants in which he agreed to purchase the royalties in question for a consideration of $31,000, subject to examination and approval of title by plaintiff's attorney, and subject to the execution of proper deeds. This letter stated plaintiff's check for $1,000 was attached "to be applied on and become a part of the purchase consideration above stated, if and in the event you furnish satisfactory title within the time hereinafter set out." The letter also contained a provision that if defendants were not able to furnish requirements made by plaintiff's attorney as to title, then the check was to be returned to plaintiff. This letter was dated October 9, 1933, and on that date was signed by plaintiff and left with his attorney for delivery to defendants. The check mentioned therein was not attached. The next day plaintiff went to the office of the defendants. Neither of them was in and plaintiff talked to their representative, Moffatt. He asked Moffatt if he knew about a check to be delivered. Plaintiff testified: "I told Mr. Moffatt this check was delivered on account of this proposed deal." He also testified he left the check with Moffatt with the understanding it was not to be used until the deal was made. The check bears the following:

"This check is first payment on $31,000 covering royalty spread, Wright Pool, Sedgwick County, Kans., balance to be paid upon approval of title. This money is to be returned should this title be rejected by my attorneys."

The letter of October 9th bears the following indorsement: "Approved and accepted this 10th day of October, 1933. J. Garfield Buell, Seth W. Herndon." Plaintiff testified he did not know that this indorsement was signed by defendants, and that there was no delivery to him of the

"supposed they would sign it."

letter, or copy, so indorsed, but that he

Plaintiff does not seek to recover on the ground of failure of defendants to perform the terms of the contract submitted by him. He seeks to recover on the ground that the check was delivered on a verbal agreement that it was not to be used unless the deal was made. The check itself, however, says it is "first payment on $31,000" and the only condition on which it is to be returned is "should title be rejected by my attorneys." Plaintiff also testified that the letter signed by him was prepared and signed to be submitted to defendants, and that when he delivered the check to Moffatt he told him it was delivered "on account of this proposed deal." The "proposed deal" was contained in his letter which sets out the conditions under which the check was to be returned. The record shows abstracts of title were furnished plaintiff's attorney. His letter provided he should have five days within which to examine the abstracts, but no requirements as to title were made by plaintiff or his attorney, and plaintiff took no further action except to demand return of the check.

At the conclusion of plaintiff's evidence the court sustained a demurrer thereto. In doing so, it set out in detail its findings and conclusions. This court, in Porter v. Wilson, 39 Okla. 500, 135 P. 732, held:

"When a trial is had before the court without a jury, the court must eventually weigh the testimony for the purpose of determining where the preponderance is, and there is no reason why it should not do so at the earliest possible time, when the rights of the plaintiff will not be cut off or impaired by its so doing, and, when the plaintiff has introduced all her proof, and rested, no right of hers will be impaired, if the court then determines what has been proven."

In that case it was also said:

"It is obvious from the record that the court passed upon the entire case. Where it appears, as in this case, that the court weighed the evidence, and determined plaintiff's right to recover after a consideration of the proofs offered, it would be too subtle a refinement to say that the court should have overruled the demurrer, and thereupon, on the same evidence, have found for the defendant; otherwise, a reversal must follow. It certainly cannot be presumed that, if the demurrer to the evidence had not been offered, the court would have reached a different conclusion on the same evidence, nor is it to be presumed that the defendants, if they had offered testimony, would thereby have strengthened and fortified plaintiff's claim. Ultimately plaintiff's right to recover involved a question of fact for the court's determination. That the court did consider the testimony and determine the insufficiency is clearly established from the language of the journal entry. The burden of proof rested upon the plaintiff to prove not only the Indian customs of the Creek Nation pertaining to marriage, but to establish her rights thereunder. There was more or less conflict in the testimony of plaintiff's witnesses, from which different conclusions might be drawn, and, there being testimony reasonably tending to support the judgment of the court, the same will not be weighed by this court to ascertain whether the court's decision is against the preponderance of the testimony. McCann v. McCann et al., 24 Okla. 264, 103 P. 694; Seward v. Casler et al., 24 Okla. 275, 103 P. 740; J. I. Case Threshing Mach. Co. v. Oates, 27 Okla. 412, 112 P. 980; In re Byrd, 31 Okla. 549, 122 P. 516; Hausam v. Parker, 31 Okla. 399, 121 P. 1063.

"Even though it were conceded that technical error was committed, the substantial rights of the plaintiff were not affected, as she had introduced her evidence and rested her case. She was not caused to change her position, nor did she suffer any disadvantage in the procedure adopted. It is incumbent upon this court, in every stage of the action, to disregard any error or defect in the pleading or proceedings which does not affect the substantial rights of the adverse party, and no judgment will be reversed or affected by reason of such error or defect. Comp. Laws 1909, sec. 5680; Mullen v. Thaxton, 24 Okla. 643, 104 P. 359; St. Louis & S. F. Ry. Co. v. Houston, 27 Okla. 719, 117 P. 184; City of Pawhuska v. Rush, 29 Okla. 759, 119 P. 239."

Giving to plaintiff's testimony every fair and reasonable inference, it does not reasonably support the allegations of plaintiff's petition, but, on the other hand, it is apparent therefrom that the check was delivered to defendants in accordance with the letter to defendants signed by plaintiff, and in accordance with the indorsement on the check itself. This being true, it is clear the judgment is right. In Samuel Gordon & Co. v. Farmers' Trading Co., 36 Okla. 163, 128 P. 1082, it is held:

"A cause will not be reversed because the trial court sustained a demurrer to the evidence, when there is no evidence reasonably tending to support the plaintiff's case, and where it is entirely apparent that justice has been done by the ruling."

Judgment affirmed.

The Supreme Court acknowledges the aid of Attorneys O. E. Swan, L. W. Randolph, and Vilas V. Vernor in the preparation of

this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Swan, and approved by Mr. Randolph and Mr. Vernor, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.