## MILLER v. PICOU.

No. 24868.    May 28, 1935.

E. M. Connor, for plaintiff in error.

Frank Hickman and Irvine E. Ungerman, for defendant in error.

PER CURIAM. This action was begun in the court of common pleas of Tulsa county by plaintiff in error to recover possession of an automobile from defendant in error. Judgment was for defendant, and plaintiff appeals. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged that the defendant executed and delivered to plaintiff a promissory note and chattel mortgage to secure the same; defendant made denial thereof. Upon the issues thus joined, the parties waived trial by jury and introduced their evidence to the court.

The evidence of the respective parties is in hopeless conflict. There was abundant evidence to support the position taken by plaintiff; likewise, there was abundant evidence to sustain defendant's contention that the signatures were forgeries. The defendant positively denied signing the instruments, and also denied being in the office when it was claimed the signatures were affixed. She was sustained in her contention by another witness who swore the defendant was at another place at the time the instruments were alleged to have been signed. The instruments bearing the questioned signatures were introduced in evidence, together with a number of signatures admitted to be the genuine signatures of the defendant. The evidence further showed that at the time of the execution of the note and chattel mortgage in question, and as a part of the same transaction, the same parties who executed the said questioned instruments also executed a certain real estate mortgage. This real estate mortgage was likewise admitted in evidence upon the offer of defendant and over the objection of plaintiff. At the conclusion of the case the court rendered judgment in favor of the defendant.

After motion for new trial was duly filed and overruled, the plaintiff appeals to this court. The first four assignments of error are as follows:

"(1) The court erred in rendering judgment for the defendant and against this plaintiff.

"(2) The court erred in finding that the signature of the defendant, Carrie Picou, to the note and chattel mortgage offered in evidence to support plaintiff's petition, were forgeries.

"(3) The judgment of the court is

against the evidence and the weight of the evidence.

"(4) The judgment of the court is contrary to law."

In the argument plaintiff groups the above assignments of error together, "because they have to do with the question of the sufficiency and weight of the evidence"; and states:

"We, therefore, contend that the judgment of the court is unsupported by the evidence and against the weight of the evidence and contrary to the evidence."

We do not agree with the contention of the plaintiff in error. We have carefully examined the record, and as above pointed out find abundant evidence to support the judgment. The weight and preponderance of the evidence is for the determination of the trial court. As said in the case of Schaff v. McGuyre, 87 Okla. 41, 208 P. 263:

"This is a law action * * * wherein an issue of fact is joined, and would be a proper case to submit to a jury. The parties waived a jury, and submitted the case to the court. On an appeal to this court, under section 20, article 7, of the Constitution of Oklahoma, the same rule obtains as though the case had been tried by a jury, and this court will not weigh the evidence."

We have carefully considered the authorities cited by plaintiff in error, but do not find them applicable to the case at bar, for the reason they deal with situations where there was no competent evidence to support the verdict or findings.

It is next contended by the plaintiff in error that the court erred in admitting in evidence a certain real estate mortgage. The evidence shows that one E. E. Picou, now deceased, husband of the defendant, went to a certain office in the city of Tulsa with a woman, and while there each signed the note and chattel mortgage. It was plaintiff's contention that the woman with Picou, and who signed the instrument, was his wife, Carrie Picou, defendant in error herein. This the defendant denied. Plaintiff introduced in evidence the two instruments in question. Other instruments bearing the admitted signature of Carrie Picou were introduced. The defendant, Carrie Picou, over the objection of the plaintiff, put in evidence the above-mentioned real estate mortgage, which it was shown was signed at the same time and by the same parties as the two instruments in question. The plaintiff contends that this was prejudicial error. We cannot agree with this contention. This real estate mortgage was introduced in evidence for the purpose of showing the similarity between the signature it bore with the signatures attached to the two questioned documents and the unlikeness to the admitted signatures. In other words, defendant's contention amounted to a charge that the woman who went with Picou to the office and signed the three instruments as his wife, Carrie Picou, was an impostor; and to establish this it was competent to compare the signatures there written by this woman with the true signatures of Carrie Picou.

Finding no reversible error, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Irving D. Ross, H. S. Burke, and Neal A. Sullivan in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Ross, and approved by Mr. Burke and Mr. Sullivan, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, the opinion was adopted.

McNEILL, C. J., and BAYLESS, PHELPS, CORN, and GIBSON, JJ., concur.