## PAGE v. REINAUER BROS. MOTOR CO.

No. 26174.   Feb. 4, 1936.

Rehearing Denied March 3, 1936.

Jack W. Page, for plaintiff in error.

Roger L. Stephens and Fred Hoyt, for defendants in error.

PER CURIAM. Defendants in error, Reinauer Brothers Motor Company, brought suit in replevin in the district court of Oklahoma county to obtain possession of one second-hand Reo automobile in the hands of Jack W. Page, and for damages in the sum of $100 for wrongful detention thereof, and by a supplemental petition sought to recover $200 additional for depreciation on the car while it was withheld by plaintiff in error. Plaintiff in error filed an answer and cross-petition in which he sought to recover of defendants in error the sum of $290, alleging that an agent of defendants in error sold the car to him and made certain false and fraudulent representations of fact with reference to the car, and orally warranted the car in certain particulars, which warranty had been broken. A reply to the answer and cross-petition was filed and the issues were joined.

Both parties waived a jury and submitted the issues to the court.

The court rendered judgment awarding the possession of the automobile to Reinauer Brothers, and granting damages against Jack W. Page for $175 for wrongful detention of the automobile.

We have reviewed the case-made and all of the evidence set forth therein, and carefully read the briefs on both sides. The evidence is conflicting, but there is ample evidence to sustain the judgment of the trial court. In a law action, where a jury is waived and the issues are submitted to the court, the judgment of the court has the same force and effect as the verdict of a jury, and if there is any evidence to support the judgment, the same will be affirmed on appeal.

This court said in Miller v. Picou, 172 Okla. 456, 45 P. (2d) 478:

"In a law action, this court will not weigh conflicting evidence to determine on which side the preponderance lies.

"In all issues of fact joined in any court, all parties may waive the right to have the same determined by a jury, in which case the findings of the judge, upon the facts, shall have the force and effect of a verdict by jury. Section 20, art. 7, Constitution of Oklahoma."

These rules are well established, and no useful purpose will be served by reviewing the evidence.

The following recent cases support these rules: Hoodenpyl v. Guinn, 170 Okla. 78, 38 P. (2d) 510; Yellow Cab Taxi & Baggage Co. v. New, 170 Okla. 334, 40 P. (2d) 651; Young v. Smith, 171 Okla. 222, 41 P. (2d) 461; Watt v. Buell, 172 Okla. 282, 44 P. (2d) 928; Adams v. Hansford, 130 Okla. 155, 265 P. 762.

There is sufficient evidence to sustain the judgment of the trial court, and the judgment is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys J. A. Duff, Henry L. Fist, and Saul Yager in the preparation of this opin-

ion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Duff and approved by Mr. Fist and Mr. Yager, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.