# HOME OWNERS' LOAN CORPORATION v. PARKER.

No. 27465. Sept. 28, 1937.

Rehearing Denied Nov. 16, 1937.

C. E. Hall, Hardin Ballard, Brown Moore, A. M. Frazier, and W. D. Masterson, Jr., for plaintiff in error.

Wilcox & Swank, for defendant in error.

PER CURIAM. This is an appeal from a judgment of the district court of Payne county adjudicating priority of liens and denying a claim of the plaintiff in error to subrogation.

The action was instituted by the defendant in error for the purpose of foreclosing a materialman's lien upon certain real estate in the city of Cushing.

The defendants in the trial court, with the exception of plaintiff in error, permitted judgment to go against them by default. The plaintiff in error, defendant below, appeared and filed an answer and cross-petition, wherein it alleged, in substance, that it had taken a mortgage on the premises in suit with the assurance and in the belief that it was obtaining a first mortgage lien thereon, and that to said end it had paid and discharged certain valid liens existing against said property which were prior and superior to any claim of the defendant in error, and that in so doing the plaintiff had acted without any knowledge of any claim or lien on the part of the defendant in error and upon the express assurances that no such claim existed. The plaintiff in error sought to have its mortgage adjudicated a first lien upon the premises therein described and foreclosed as such, and, in the alternative, in the event that the lien of the defendant in error should be found to be prior to the mortgage of the plaintiff in error, that then it be subrogated to the rights of the parties under the prior valid liens which it had discharged, and that it be granted a foreclosure of said liens. A jury was waived and the cause was tried to the court. At the request of the plaintiff in error the court made written findings of fact and conclusions of law wherein it was found that the plaintiff in error in paying and discharging the prior valid liens had acted as a volunteer and had received no express

agreement to retain and preserve the prior valid liens. Wherefore the court was of the opinion that the rule respecting volunteers was applicable and rendered judgment decreeing the lien of the defendant in error to be a first and prior lien, and subordinated the lien of the plaintiff in error thereto and denied subrogation. The action being one in equity, we have read and examined the entire record to ascertain whether or not the judgment of the trial court is contrary to the clear weight of the evidence. The essential facts are not in dispute. The plaintiff in error was created during the late emergency for the purpose of assisting distressed home owners to save their homes from foreclosure and tax sales. On September 14, 1933, one L.' Z. Wade, who was then the owner of the property here involved, made a written application to the plaintiff in error for a loan on said property for the purpose of discharging a prior lien thereon held by the Aetna Building & Loan Association, and the delinquent general and special taxes which were due and unpaid on said property and for which it was subject to sale. The application was approved, the property was examined and appraised, and, an abstract of title thereto was procured and examined, from which it appeared that upon the discharge of the aforesaid liens, a mortgage duly executed by the applicant and his wife would vest in the plaintiff in error a valid first mortgage lien on said property. Thereupon, on August 18, 1934, the aforesaid applicant and his wife duly executed to the plaintiff in error their promissory note for the amount of money necessary to pay and discharge the existing valid liens against said property as shown by the record, and at the same time executed, acknowledged, and delivered to the plaintiff in error their certain real estate mortgage in writing whereby they bargained, sold, conveyed, and mortgaged to the plaintiff in error the real estate herein involved. This mortgage was filed for record in the office of the county clerk of Payne county on the 14th day of September, 1934, and the abstract was re-extended and re-examined, and it appearing therefrom that there were no intervening liens, the plaintiff in error proceeded to pay and discharge the prior liens shown of record. As an additional precaution, plaintiff in error procured from the applicant and his wife a written statement wherein they represented that the property mortgaged was their actual and bona fide home, and that they were in the oc-

cupancy thereof and that there were no debts or claims outstanding for labor performed or material furnished in the making of improvements upon the mortgaged premises. Actually between the date of the execution of the mortgage and the recording of the same, and on the 7th day of September, 1934, the defendant in error had furnished certain material and supplies and had performed certain work and labor on the mortgaged premises at the instance of the mortgagors and for which they had agreed to pay the sum of $200. A lien claim therefor was subsequently filed by the defendant in error on November, 1934. The defendant in error was unable to collect the amount due him from the mortgagors and thereupon brought this suit.

The question for determination here is whether, under the circumstances narrated, the trial court proceeded properly in denying plaintiff in error subrogation; it being conceded that the lien of the defendant in error is prior in law to the mortgage held by the plaintiff in error.

The doctrine of subrogation has long been an established branch of equity jurisprudence. As said by this court in the case of Richardson v. American Surety Co., 97 Okla. 264, 223 P. 389:

"The principle to be derived from the doctrine of subrogation is that it is born of equity and results from the natural justice of placing the burden where it ought to rest. It does not flow from any fixed rule of law, but rather from principles of justice, equity and benevolence. It is a purely equitable result, depending like other equitable doctrines upon the facts and circumstances of each particular case to call it forth. It is a device adopted or invented by equity to compel the ultimate discharge of a debt or obligation by him who in good conscience ought to pay it."

A volunteer or intermeddler can never claim the right of subrogation. Employees Building & Loan Ass'n v. Crafton, 63 Okla. 215, 164 P. 473; Johnson v. Gillett, 66 Okla. 308, 168 P. 1031; Kahn v. McConnell, 37 Okla. 219, 131 P. 682, 47 L. R. A. (N. S.) 1189; Tynes v. Smith, 105 Okla. 100, 234 P. 637; Fidelity & Deposit Co. of Maryland v. Vance, 135 Okla. 24, 245 P. 578; Kiniry v. Davis, 82 Okla. 211, 200 P. 439; Owen v. Interstate Mortgage Trust Co., 88 Okla. 10, 211 P. 87, 30 A. L. R. 816; Helms v. Jenkins, 118 Okla. 239, 247 P. 28.

As stated in 25 R. C. L. 1340, paragraph 24:

"As to whether there must be an express agreement between the parties that the security that it paid shall be kept alive, or whether such an agreement may be implied from the circumstances surrounding the transactions, the courts are not in entire harmony. The rules of the civil law required an absolute and express agreement for subrogation; and in jurisdictions wherein that law prevails it is applied with so much strictness that the lender will not be entitled thereto unless he made an express agreement to that effect with the creditor, notwithstanding the debtor may have agreed to substitute the lender for the creditor. The generally accepted view at the present time, however, is that it is not necessary that there should be an express agreement that the prior lien shall be kept alive for the benefit of one advancing money to pay it, or that it be assigned, but if from all the facts and circumstances surrounding the transaction it is clearly to be implied that it was the intention of the parties that the person making the advance was to have security of equal dignity and position with that discharged then equity will so decree. In such cases equity, speaking from the standpoint of good conscience, substitutes the person so paying the debt to the place of the original creditor, so far as to enable him to enforce the security for the purpose of reimbursement."

The record in the case before us reveals a state of facts which in our opinion entitles the plaintiff in error to invoke the rule above announced. Plaintiff in error was organized for the purpose of affording relief to distressed home owners. The property on which a loan was sought and was made was in distress in that it was in danger of foreclosure and sale under the existing mortgage lien thereon and the delinquent taxes due thereon. The plaintiff in error made the loan for the express purpose of discharging the admittedly valid prior liens and for no other purpose. These liens were discharged by it with the expectation and assurance that the lien which it would receive would be a valid first mortgage on said premises and would be substituted for those which it was discharging. Under these circumstances, the applicable rule is that announced in Katter v. Rodgers, 107 Okla. 116, 230 P. 500, wherein this court said:

"Where money is advanced on defective security for the purpose of paying off a prior incumbrance, and where the person advancing the money expected to get good security therefor, the person advancing the money is not a volunteer, and in the absence of intervening equities he will be held to be subrogated to the lien which the money advanced is used to pay."

See, also, Watson v. Butler (McCree v. Local Bldg. & Loan Ass'n) 170 Okla. 350, 40 P. (2d) 653; Landis v. State ex rel. Commissioners of Land Office, 179 Okla. 547, 66 P. (2d) 519.

Defendant in error concedes that the rule announced in the above cases is correct and applicable in the absence of intervening equities, but urges that his situation presents such an intervening equity on the theory that, since the security was benefited by the material furnished and the work performed, therefore the plaintiff in error should be required to pay his claim. This is a non sequitur and ignores the circumstances under which the material and supplies were furnished and the work performed. The defendant in error testified that before furnishing the material and supplies and performing the work, he made inquiry regarding the indebtedness due against the premises and was informed that it was encumbered by the liens to which the plaintiff in error seeks to be subrogated. Under these circumstances, he furnished the material and performed the work with the knowledge that any lien which he might seek to enforce would be junior to the existing liens against said property. He now seeks to be placed in a better position than he was at the time of performing said work and furnishing said material and to profit at the expense of another. While subrogation to the plaintiff in error will merely restore the defendant in error to the position which he occupied on September 7, 1934, and will in no manner alter his position for the worse, its denial will result in injustice to the plaintiff in error and will require it to assume a burden which it never anticipated it would be required to assume. With all due respect to the findings and judgment of the trial court, we are of the opinion that the judgment is contrary to the established rules of equity applicable to the situation disclosed by the record, and that the finding that plaintiff in error was a volunteer is against the clear weight of the evidence. This conclusion is in accord with the overwhelming weight of authority. Louisville Joint Stock Land Bank v. Pembroke (Ky.) 9 S. W. (2d) 113; Home Owners Loan Corp. v. Collins (N. J. Eq.) 184 Atl. 621; Jackson Trust Co. v. Gilkinson (N. J. Eq.) 147 Atl. 113; Federal Land Bank v. Godwin, 107 Fla. 573, 136 So. 883; Ingram v. Jones, 47 Fed. (2d) 135.

This being an equity case, this court will read and examine the entire record, and where the judgment of the trial court is against the clear weight of the evidence, will render or cause to be rendered such judgment as should have been rendered.

The cause is, therefore, reversed and remanded, with directions to subrogate the plaintiff in error to the valid liens existing against said property on September 7, 1934, and to grant the plaintiff in error foreclosure accordingly and to decree the lien of the defendant in error to be junior, subsequent, and inferior thereto.

Reversed and remanded, with directions.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.