STANLEY v. SWEET et al.

No. 33444. Jan. 24, 1950.

Rehearing Denied Feb. 21, 1950.

*214 P. 2d 906.*

W. A. Barnett, of Okmulgee, for plaintiff in error.

Q. D. Gibbs, of Okmulgee, for defendants in error.

JOHNSON, J. On the 9th day of April, 1946, B. G. Sweet while operating his automobile collided with a truck of defendant in the town of Mounds, Okla., in which collision he suffered personal injuries and damage to his automobile.

At the time of the collision, Sweet had coverage of a $50 deductible collision policy on his automobile written by the Pennsylvania Fire Insurance Company, a corporation, as insurer. On May 3, 1946, said company paid insured the sum of $310.81, covering a part of the damage to insured's automobile, whereupon, in accordance with a subrogation provision of the policy, the insured assigned to the insurer the sum of $310.81 of the claim for $360.81 damage to assured's automobile, being the amount of damage less the $50 deductible.

On January 16, 1947, B. G. Sweet and Pennsylvania Fire Insurance Company, a corporation, as plaintiffs, filed their petition against the defendant, M. Wilson Stanley, wherein in the first cause of action they alleged negligence on the part of defendant and pleaded the subrogation agreement, asserting the right of the insurer to recover the sum of $310.81 as subrogee, and the insured the $50 deductible paid by him, and prayed jointly as plaintiffs for judgment against the defendant in the total sum of $360.81 on the said first cause of action. For a second cause of action, B. G. Sweet, as plaintiff, realleged by reference all the averments of negligence stated in the first cause of action and asserted that by reason thereof he suffered bodily injuries, pain and loss of sleep; that he had to pay over $100 for doctors' services; that he lost two weeks' time in wages of the value of $230; that he necessarily expended the sum of $23.40 in taxi, railroad and bus fares while his auto was being repaired, and prayed for $5,000 damages on his second cause of action.

To this petition defendant filed a demurrer alleging:

"First: That the allegations contained in said first cause of action are wholly insufficient in law to entitle the plaintiff to recover thereon.

"Second: That the allegations contained in the second cause of action are wholly insufficient to entitle the plaintiff to recover against the defendant.

"Third: That the allegations of both causes of action are wholly insufficient in their entirety to set forth a cause of action in favor of plaintiff and against the defendant.

"Fourth: That there is a misjoinder of parties plaintiff disclosed by said petition.

"Fifth: That said petition discloses a misjoinder of actions.

"Sixth: That said petition discloses several actions improperly joined."

Thereafter, an amended petition was filed alleging in addition to the allegations in the original petition that the defendant was at the time and place of the accident in an intoxicated condition, and that the defendant was operating the truck without a driver's license and in violation of the rules of the road, and asked for $10,000 for pain and suffering and for permanent partial disability to his person instead of $5,000.

The trial court allowed defendant's demurrer to be considered as refiled in the cause as against plaintiffs' amended petition and overruled same. Exceptions were duly saved, whereupon the defendant filed an answer to the amended petition and a cross-petition as against B. G. Sweet. Defendant's answer stated that he did not waive his demurrer as previously filed in the cause, but expressly reserved same, and for his answer to plaintiffs' amended petition generally denied each and every material allegation, but admitted that he was the owner of the truck; that there was a collision between it and plaintiff's car on the date alleged by plaintiffs, and asserted that any injuries received by such collision were due to the wrongful and negligent acts of the said B. G. Sweet, and pleaded contributory negligence, and prayed that the plaintiffs take nothing. In the cross-petition defendant adopted the allegations of his answer and further alleged that plaintiff, B. G. Sweet, was negligently driving his car at the time and place in question; that by reason of such negligence defendant suffered damage to his truck in the sum of $150, and that he was deprived of the use of same while it was being repaired and was damaged thereby in the sum of $100 and prayed for damages against B. G. Sweet in the total sum of $250 and costs. Plaintiffs filed a reply to the answer and cross-petition denying all of the allegations except such as had been previously admitted in plaintiffs' amended petition.

Thereafter, on the 12th day of June, the cause was tried to a jury on the issues thus joined. In compliance with the instructions, separate verdicts were returned by the jury and separate judgments rendered in accordance therewith. A motion for a new trial was filed asserting error, which was duly overruled by the trial court, and it is on this record that defendant appeals.

The only grounds for reversal relied on by defendant, in substance, are that a cause of action purely in tort in favor of the owner of an automobile, on account of damages thereto by reason of a collision caused by the wrongful act of another, is not assignable; error in permitting plaintiffs to improperly split a cause of action; misjoinder of parties plaintiff; misjoinder of causes of action and failure to prosecute the action against defendant by the "real party in interest"; the verdict was contrary to the instructions of the court; the judgment was not sustained by the evidence and is excessive.

It is well settled in this state that the wrongful or tortious act by the defendant negligently driving his truck so as to cause damage to the automobile of plaintiff, including personal injuries, is single and indivisible and gives rise to but one liability. Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okla. 96, 104 P. 51, 138 Am. St. Rep. 870, 20 Ann. Cas. 255.

The question of "misjoinder of parties plaintiff" was attempted to be raised only by demurrer. This court has repeatedly held that "misjoinder of parties," which means an excess of parties, cannot be taken advantage of by demurrer, but can only be reached by motion filed before joining issues on the merits. State Exchange Bank of Elk City v. National Bank of Commerce of St. Louis, Mo., et al., 70 Okla. 234, 174 P. 796, 2 A. L. R. 211; Okmulgee Supply Co. v. Rotman et al., 144 Okla. 293, 291 P. 1; City of Pawhuska v. Rush, 29 Okla. 759, 119 P. 239; Reynolds v. Hill, 28 Okla. 533, 114 P. 1108; Marth v. City of Kingfisher, 22 Okla. 602, 98 P. 436; 18 L. R. A. (N. S.) 1238. In Okmulgee Supply Co. v. Rotman et al., supra, it was said:

"A misjoinder of parties is not ground for demurrer. Such defect in a pleading can only be reached by motion to strike out the unnecessary parties."

Defendant urges that there is a misjoinder of causes of action, but there was only one cause of action, and, consequently, there was no misjoinder. 1 Am. Jur., Actions, §67.

Defendant also complains that there was a splitting of plaintiff's cause of

action. Plaintiff Sweet sought recovery for all the different injuries caused by the wrongful act of the defendant. There was no splitting of his cause of action. The rule against splitting a cause of action applies to bar a second action. 1 Am. Jur., Actions, §§96-98.

Under the terms of the assignment the amount paid by the insurer was the sum of $310.81. The total amount of the damage to the car was $360.81. The alleged assignment to the insurance company covered only that portion of the total loss, or damage to the automobile, as was paid to the assignor (insured) by the insurance company. The tortious act of the defendant, being single and indivisible, gave rise to but one liability. The plaintiff Sweet was a proper party to prosecute the suit for himself and for the use and benefit of the insurance company. Shutt case, supra.

In the amended petition the Insurance Company was coplaintiff with B. G. Sweet, and the relief prayed for was that plaintiffs jointly recover the sum of $360.81, the total amount of the damages to the automobile. And, as was said in the Shutt case, supra, under any contingency, B. G. Sweet is a proper party plaintiff to recover in this action, and the insurance company being joined therein, under the record in this case, the defendant is amply protected. The insurance company will not be heard in any other tribunal, in any other action, to complain against the defendant. It is of no consequence to defendant as to what settlement may be made between the insurance company and the plaintiff B. G. Sweet.

Thus, regardless of whether the judgment was for or against plaintiffs, the judgment would protect the defendant from any action on the same demand. Defendant asserted all defenses and counterclaims available to him, and the recovery will necessarily conclude both parties plaintiff, and effectively bar any other or further recovery against the defendant for the damage caused by his wrongful act.

It is urged that the verdict of the jury was contrary to the instructions of the court. The record does not sustain this contention. We find that the verdict was in accord with both the evidence and instructions.

The case appears to have been fairly submitted to the jury under instructions which were given without any objection or exception, and we find nothing in the instructions which warrants us in disturbing the verdict.

It is contended by defendant that the judgment is not sustained by the evidence and is excessive. This is untenable. We have often held that where there is competent evidence reasonably tending to support the verdict, and no prejudicial errors of law are shown in the instructions or the rulings on law questions presented during the trial, the verdict of a jury and judgment of the court based thereon will not be disturbed on appeal.

Record examined, and found sufficient to sustain the verdict of the jury and judgment of the trial court.

The judgment is affirmed.

DAVISON, C. J., ARNOLD, V. C. J., and WELCH, GIBSON, LUTTRELL, HALLEY, and O'NEAL, JJ., concur. CORN, J., dissents.