Donald W. LOWDER, Plaintiff in Error,

v.

OKLAHOMA FARM BUREAU MUTUAL
INSURANCE COMPANY,
Defendant in Error.

No. 41602.

Supreme Court of Oklahoma.

Dec. 12, 1967.

As Corrected Jan. 29, 1968.

Rehearing Denied Jan. 30, 1968.

Looney, Watts, Looney, Nichols & Johnson, Oklahoma City, for plaintiff in error.

Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for defendant in error.

Howard K. Berry, Jr., Oklahoma City, amicus curiae.

HODGES, Justice.

This is an appeal by the Defendant Lowder from the trial court's judgment for plaintiff for $489.33 as medical expenses incurred by one R. F. Bouse in an automobile accident with the defendant. The action was instituted and prosecuted by the plaintiff insurance company as subrogee under its policy issued to Bouse. Coverage "C" of the policy provided that in the event of such an accident involving Bouse, the plaintiff would pay,

"* * * all medical expenses incurred by insured within one year from the date of the accident, up to policy limits."

The policy further provided as follows:

"Subrogation—Coverages A.B.C.D. and E. Upon payment of a loss, the company shall succeed to all the insured's rights of recovery therefor and the insured shall do whatever is necessary to secure such rights, and shall do nothing after loss to prejudice them."

It was stipulated that the insured Bouse "* * * was injured in the accident and incurred medical expenses in the amount of $489.33, in addition to property damage; that the medical expenses were paid by plaintiff to Bouse as 'reasonable and necessary medical expenses under the terms of the policy." It was further stipulated that "Bouse was not at fault in the accident."; that plaintiff had notified defendant of its claim against him for the medical expenses; and that defendant had informed it that he did not recognize such claim as valid under the law.

The stipulated issues presented to the trial court were as follows:

"(1) Was service of process upon defendant under the non-resident provisions of Title 47 of the Oklahoma statutes, and 12 O.S.1961 § 141, proper where defendant was a resident of the State of Oklahoma at the time of the accident but a non-resident at the time suit and service of process?"

"(2) May plaintiff, as insurer for Bouse, maintain this action for recovery of medical payments under its policy against defendant, a third party tort feasor?"

The trial court in a written Memorandum Opinion answered both stipulated issues in the affirmative, holding that the 1953 amendment to 12 O.S.1961, § 141, authorized the substituted service procured in this case, and "* * * under the stipula-

tion, plaintiff has fully paid Bouse for the expenses sustained by reason of the accident; * * * so * * * plaintiff is the proper party in interest * * * and is entitled to maintain this action."

Defendant's Motion for New Trial and his Petition in Error in this Court challenges the correctness of the trial court's rulings on the stipulated issues and the judgment rendered thereon, and he presents these issues on appeal in two propositions which we shall consider in the order of their presentation.

Defendant's first proposition is concerned with the applicability of 12 O.S. 1961, § 141 to a non-resident defendant who was a resident of Oklahoma at the time of the accident, and the method of service provided by 47 O.S.1961, § 391 for service upon non-resident motorists.

Since the filing of the briefs in this case we have held that the substituted service provided for in 12 O.S.1961, § 141, i. e.,

"* * * When service of summons upon one or more of the defendants cannot be obtained in Oklahoma with the exercise of due diligence, service may then be secured upon such defendant or defendants, as now provided in Chapter 11, 47 O.S.1951, for service upon non-resident motorists.",

is applicable both to residents and non-residents and is not violative of the Constitution, citing Milburn v. Keen, Okl., 287 P.2d 899. Our holding in Jarchow v. Eder, Okl., 433 P.2d 942, was predicated upon facts remarkably like those in this appeal. There, as here, defendant was a resident of Oklahoma at the time of the accident, and he became a non-resident and was out of the State prior to institution of the action against him. The issue was defendant's plea of limitation of action on the ground that more than two years had expired after the date of the accident before commencement of the suit, even though 12

O.S.1961, § 98, provides in pertinent effect that the time a defendant is beyond the limits of the State prior to commencement of an action against him shall not be counted in computing the period of limitation within which the action must be commenced. We held that 12 O.S.1961, § 98, was made inapplicable to actions of the kind involved here because the 1953 amendment to 12 O.S.1961, § 141, authorized substituted service upon any defendant under the prescribed circumstances and because the substituted service was sufficient upon which to predicate an enforceable personal judgment. We held in effect that the reason for 12 O.S.1961, § 98, was to provide the plaintiff, after accrual of the cause of action, with the full period of the applicable statutory limitation for commencement of suit while the defendant is available for the kind of service which is legally sufficient to sustain a personal judgment in the event of default by defendant. The conclusion was axiomatic that if the tolling statute, 12 O.S.1961, § 98, did not provide the protection for which it was enacted insofar as the facts of the case were concerned, it was inapplicable to those facts.

All of the arguments advanced by defendant on this proposition in his brief are discussed and disposed of adversely to him in Jarchow, supra; and we are aware of no distinctions or arguments of sufficient importance or weight to cause us, upon reconsideration of the principles there pronounced, to withdraw from the position taken there.

Defendant's second proposition upon which he seeks reversal of the trial court's judgment is as follows:

"Plaintiff may not bring this action as the alleged subrogee and assignee of R. F. Bouse, its insured, because it amounts to the assignment of a personal cause of action which is prohibited in this State."

We find however, that consideration of this proposition is unnecessary to a proper determination of the issues of this appeal.

We note in the beginning of this discussion that the trial court was in error in his finding, made in his Memorandum Opinion, that "Under the stipulation, plaintiff has fully paid Bouse for the expenses sustained by reason of the accident." The stipulation is, "Bouse was injured in the accident and incurred medical expenses in the amount of $489.33, in addition to property damage." Moreover, the policy required payment by plaintiff of the medical expenses incurred by Bouse for the first year following the date of the accident up to the policy limits, and no allegation or stipulation is made regarding either the limits of the policy or medical expenses incurred by Bouse beyond the first year after the accident; and if the negligence of the defendant is sufficient to sustain his liability for the medical expenses incurred by the plaintiff's insured, it would appear to be sufficient to sustain his liability for the stipulated property damage and personal injury which precipitated the medical expenses.

In Oklahoma a single tort or wrong to a single person gives rise to but a single action however numerous the items of damage resulting from the single wrong or tort may be. Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okl. 96, 105 P. 51; City of Altus v. Fletcher, 193 Okl. 220, 142 P.2d 614; and Stanley v. Sweet, 202 Okl. 448, 214 P. 2d 906.

■■ We have also held that the negligent driving of a vehicle so as to cause damage to the person and property of another in a single collision is a single tort or wrong and is indivisible and gives rise to but one liability. Kansas City, M. & O. Ry. Co. v. Shutt, supra; and Stanley v. Sweet, supra. The rule against splitting of a cause of action is applicable to bar a second action predicated upon the same cause of action. Stanley v. Sweet, supra.

■■ The right of subrogation is not a matter of strict right, but is designed to promote and to accomplish justice. Mitch-

ell v. Jackson, 177 Okl. 441, 60 P.2d 390; Smith v. Minter, 200 Okl. 208, 191 P.2d 929. This right of subrogation cannot be applied without the invoking of equitable principles and it will not be allowed where the legal and equitable rights of others are defeated. Home Owners' Loan Corporation v. Parker, 181 Okl. 234, 73 P.2d 170. Also, conventional subrogation is not allowed where the rights of innocent third persons, who having equities of equal or superior rank, will be prejudiced. 83 C.J. S. Subrogation § 6.

The reasons for the rule against splitting a single cause of action have been given as including the prevention of multiplicity of suits and vexatious litigation for defendant. Empire Oil & Refining Co. v. Chapman, 182 Okl. 639, 79 P.2d 608; Mobile & O. R. Co. v. Matthews, 115 Tenn. 172, 173, 91 S.W. 194, and Southern Ry. Co. v. Brigman, 95 Tenn. 624, 628, 32 S.W. 762.

In Sprague v. Adams, 139 Wash. 510, 247 P. 960, 47 A.L.R. 529, the Supreme Court of Washington sustained the trial court's rejection of offered evidence by plaintiff that her previous action against the defendant, pleaded as a bar to her current action, was one brought by her as assignor, and for the use and benefit, of her insurer to whom she had subrogated her claim for property damage in her policy of insurance issued by it. In response to her contention on appeal that the insurance company could have brought the first action in her name by virtue of its subrogation, the court made the following pertinent statement:

"The fallacy of this contention, as we view it, lies in the fact that whatever subrogation rights the insurance company acquired were necessarily acquired by it by contract with appellant. She could no more so split her cause of action and thus prejudice the right of respondents to answer for their single tort in a single action than she could accomplish that end by direct assignment of a portion of her cause of action, and this she could

not do any more. than she could split her cause of action by herself commencing and prosecuting separate actions for each separate item of damage."

From the foregoing it follows that the defendant has a right to be proceeded against in a single action by any injured party for his single wrong or tort, and that he is not to be subjected to defense of multiple actions arising from his single wrong or tort upon separate or separable items of damage arising from that single wrong or tort for which he has but a single liability.

The record conclusively shows that not all of the items of damage which arose from the single alleged tort of the defendant are involved in this litigation. To sustain the judgment of the trial court, therefore, we must either permit the subrogee to recover from the defendant and thereby defeat whatever other claims the insured might have against the defendant, or we must allow the splitting and acknowledge the survival of the insured's other claims against the defendant as the basis for a separate action against the same defendant. To allow the splitting and acknowledge such survival of other claims would require that we disregard the primary purpose for the rule against splitting a single cause of action, i. e., to afford the defendant protection from unnecessary vexation for a single tort and single liability. Empire Oil and Refining Co. v. Chapman, supra.

We have recognized and applied the rule against splitting a cause of action since prior to statehood. The reasons for the rule appear to us to be far more important than the right of a subrogee to pursue its alleged claim by a particular remedy. If the matter of public policy in avoidance of a multiplicity of suits were insufficient to persuade us that plaintiff should not prevail in this appeal, the protection of the defendant from vexatious litigation constitutes more than a sufficient justification for reversal of the trial court's judgment.

All Justices concur.