**Wesley Steve SHARROCK, Plaintiff,**

v.

**Lucille PERKINS, Defendant.**

**Civ. No. 69–8.**

United States District Court
W. D. Oklahoma.

April 7, 1969.

Lampkin & Wolfe, Oklahoma City, Okl., for plaintiff.

Rhodes, Hieronymus, Holloway & Wilson, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, District Judge.

Upon consideration of the Defendant's Motion to Dismiss filed herein, the Court finds that said Motion should be denied.

The Plaintiff and Defendant were involved in a car accident. Plaintiff, at the time, was in the scope of his employment for Pierson Plumbing and Appliance Company. Pierson carried Workmen's Compensation Insurance with the Mid-Continent Casualty Company which covered this accident. The Plaintiff made claim before the State Industrial Court for Workmen's Compensation benefits by reason of the accident. Mid-Continent paid medical and disability benefits to or on behalf of the Plaintiff totaling $4,800.60 as a result of said claim. Mid-Continent then sued the Defendant for the above amount attributable to the accident in the District Court of Beaver County, Oklahoma, where the accident occurred. In the case before this Court, the Plaintiff has also sued the Defendant regarding said accident but apparently does not include in his suit the Workmen's Comensation payments (or all of them) made by Mid-Continent. The Defendant has moved to dismiss this case claiming that the two actions violate the Oklahoma rule against the splitting of a single cause of action and that Mid-Continent is an indispensable party whose joinder herein would defeat the diversity jurisdiction of this Court.[1] The Plaintiff responds to the Motion to Dismiss with the offer or proposal that the Beaver County case brought by Mid-Continent will be dismissed and the Mid-Continent claim will be included fully herein by an amended complaint. Plaintiff states, in this connection, that Mid-Continent has reassigned its claim to the Plaintiff and that the Plaintiff as the real party in interest under Oklahoma law may proceed to recover the full loss resulting from the accident without Mid-Continent being joined as a Plaintiff herein. Apparently, Mid-Continent is in full accord with this procedure.

It is the rule in Oklahoma that a single cause of action may not be split and a tort feasor has a right to be proceeded against in a single action by an

---

1. Plaintiff appears to be a citizen of Kansas, the Defendant a citizen of Oklahoma and Mid-Continent is an Oklahoma Corporation.

injured party for his single wrong or tort and that he is not to be subjected to the defense of multiple actions arising from his single wrong or tort upon separate or separable items of damage arising from that single wrong or tort for which he has but a single liability. Lowder v. Oklahoma Farm Bureau Mutual Ins. Co., 436 P.2d 654 (Okl.1967). This case does not attempt to state who has the priority in bringing the required single action in event there has been an assignment or subrogation as to a part of the loss by some form of insurance. But, in the present posture of this case, such a pronouncement is not material. The injured party and insurance company have now agreed that the injured party may bring the action for both and the entire loss will be in Plaintiff's case.

■ The only remaining question is whether Mid-Continent must be joined herein as a party plaintiff by reason of its interest in the total recovery sought by the Plaintiff. This question involves the real party in interest rule. In federal diversity cases the state law controls the determination of who is the real party in interest. Rule 17(a), F.R. Civ.P., 28 U.S.C.A.; Hoeppner Construction Company v. United States, 287 F.2d 108 (Tenth Cir. 1960); Dubuque Stone Products Co. v. Fred L. Gray Company, 356 F.2d 718 (Eighth Cir. 1966); DeWitt v. Quarterback Sports Federation, Inc., 45 F.R.D. 252 (D.Minn.1968).

■ Under Oklahoma law the Plaintiff is the real party in interest in this case and the only necessary party plaintiff, since the Plaintiff has not been fully paid for his loss by Mid-Continent and seeks recovery on his own for an amount above that paid to him by Mid-Continent. Plaintiff may recover the Mid-Continent interest in the recovery sought by Plaintiff as Trustee for Mid-Continent to that extent. 12 Oklahoma Statutes 221; Travelers Insurance Company v. Leedy, Okl., 450 P.2d 898, February 25, 1969;[2] McMahan v. McCafferty, 205 Okl. 656, 240 P.2d 443 (1952); Stanley v. Sweet, 202 Okl. 448, 214 P.2d 906 (1950); Kansas City, M. & O. Ry. Co. v. Shutt, 24 Okl. 96, 104 P. 51 (1909).

Thus, the Plaintiff is the only necessary party plaintiff herein. Mid-Continent is not an indispensable or necessary party under the Oklahoma real party in interest rule and it need not be made a party herein. Its interest in the matter may be fully litigated and protected in the action brought by the Plaintiff alone under the agreement reached between them. The Court has diversity jurisdiction of Plaintiff's case against the Defendant notwithstanding the fact that Mid-Continent has an interest in any recovery.

The Defendant's Motion to Dismiss is, therefore, overruled. The Plaintiff is allowed ten (10) days from the date hereof within which to file an amended complaint which will include in full the claim of Mid-Continent arising from the accident involved herein, as well as the Plaintiff's claim above that of Mid-Continent. Within said period of time Mid-Continent should dismiss the Beaver County case and should file a statement in this case that it will be fully bound by any judgment rendered herein as far as the Defendant is concerned. The Defendant will answer the amended complaint of the Plaintiff within ten (10) days after the same is filed.

---

2. This opinion provides, "Leedy (the injured party) is permitted to join Travelers (who paid Leedy Workmen's Compensation benefits) as a co-plaintiff or to set out Travelers' interest by pleading the compensation award in the petition timely filed by Leedy on May 3, 1963."