## GARRETT et al. v. REINHART.

No. 22574.    Oct. 16, 1934.

William F. Collins, for plaintiffs in error.

Ledbetter, Stuart, Bell & Ledbetter and E. A. Farriss, for defendant in error.

PER CURIAM. The parties, where not mentioned by name, will be herein designated as they appeared in the lower court.

This was an action to quiet title to real estate. The plaintiff, Georgia Mae Reinhart, in her petition alleged that she acquired title to the property by two deeds therein described, one from the defendant Otis Garrett and Elba Garrett, his wife, and the other from the defendant Otis Garrett, and that the defendants Otis Garrett and L. Cooper were claiming some right, title, or interest in and to the property adverse to the plaintiff which constituted a cloud upon plaintiff's title.

To this petition the defendants filed an amended answer and cross-petition, alleging that the deeds conveying the property to plaintiff were delivered by defendant Garrett to one George Bayer, who they allege was the agent of the plaintiff; that Bayer knew that a one-half interest in the minerals had been conveyed by defendant Garrett to the defendant Cooper and knew that an oil and gas mining lease had been made by defendant Garrett to defendant Cooper on the lands conveyed. They also alleged that there was an agreement between Bayer and the defendant Garrett

that Garrett was conveying nothing but the surface of the property, and was reserving to himself the half interest in the minerals which had not been conveyed to Cooper. Defendants prayed that the deeds be reformed to express the alleged agreement.

To this answer and cross-petition the plaintiff filed a reply, denying generally the affirmative matters contained in the answer and cross-petition, alleging that the verbal agreement for a retention by Garrett of the unconveyed interest in the mineral rights was contrary to law in that it constituted an effort to vary the terms of a written contract, and by an amendment to the reply denying under oath that Bayer was plaintiff's agent in the transactions with Garrett. By a further amendment plaintiff alleged that she was an innocent purchaser for value of the property without notice of the rights claimed by the defendant Cooper.

It appears from the evidence that Otis Garrett was at one time the owner of the property. He executed a deed for an interest in the mineral rights and an oil and gas mining lease to his codefendant, L. Cooper. After the execution and delivery of this mineral deed and lease and before they were placed of record, Garrett executed quitclaim deeds for the property to the plaintiff.

The facts surrounding the execution of the deeds to plaintiff are that after execution by the grantors, they were delivered to one Bayer, who delivered them to the plaintiff; that Bayer received the consideration for both deeds from plaintiff and delivered it to the defendant Garrett. Bayer was dead at the time of the trial. The evidence for the plaintiff consists solely of her own testimony that she bought the property and went into possession of it; that she paid the consideration to Bayer; that she knew nothing about Mr. Garrett and that she had no knowledge of the existence of the mineral deed and lease to Cooper.

The evidence on the part of the defendants shows that defendant Garrett had no direct contact with the plaintiff; that he delivered the deeds to Bayer to be delivered by him to the plaintiff. The deeds from Garrett to the plaintiff were quitclaim deeds. It is contended on the part of the defendant Cooper that a grantee in a quitclaim deed cannot be in law an innocent purchaser for value, and on the part of both defendants that plaintiff is charged with such knowledge of the condition of the

title as was had by Bayer, her alleged agent, and that she is bound by the alleged agreement between defendant Garrett and Bayer relative to the retention by Garrett of the interest in the mineral rights which had not been disposed of to Cooper.

The first question to be considered is whether a grantee in a quitclaim deed, who purchased in good faith for a valuable consideration and without notice of outstanding interests, is entitled to the protection against such undisclosed interests in the property which is accorded to the grantee in a warranty deed under like circumstances.

This question has been answered in the affirmative by this court in the case of Tucker v. Leonard, 76 Okla. 16, 183 P. 907, of which the 4th syllabus paragraph is as follows:

"A quitclaim deed, made in compliance with section 1161, R. L. 1910, is as effectual in conveying the title of the grantor as is a warranty deed, and one can be a bona fide purchaser under the former as under the latter; the distinction being that in a quitclaim deed the words 'and warrant the title to the same' are omitted."

The case of Selsor-Badley v. Reed et al., relied on by plaintiff in error, is not in point. That case decided only that a quitclaim deed, in the absence of a convenant of future assurance, does not pass a subsequently acquired title. Selsor-Badley v. Reed et al., 97 Okla. 204, 223 P. 651.

The payment of the consideration in this case is admitted. Its adequacy is not questioned. The testimony of the plaintiff that she personally knew nothing of the Cooper interest in the property is not controverted. There is no evidence to charge plaintiff with knowledge of Cooper's mineral deed and lease unless Bayer was plaintiff's agent in the transactions with Garrett.

The plaintiff having denied under oath that Bayer was her agent, the burden of proving the contrary was upon the defendants. The uncontroverted evidence is to the effect that Bayer received from the plaintiff and delivered to the defendant Garrett the purchase price for the lots, and that he received from Garrett and delivered to the plaintiff the deeds for the property. But there is no fact or circumstance in evidence tending to show whether Bayer was acting for the plaintiff in purchasing for her these lots from Garrett, or was acting for Garrett in selling the lots to the plaintiff, or whether Bayer, as suggested by plaintiff in the brief, was a principal as to both parties, he buying the lots

on his own account, reselling them to plaintiff, and, for convenience, having Garrett execute the deeds direct to the ultimate purchaser, the plaintiff.

It was, however, not necessary for the court to determine the exact status of Bayer. It was sufficient to find that defendants, upon whom the burden rested, failed to prove that Bayer was the agent of plaintiff. The court made no specific finding on this point. But the rule is well settled that a general finding by the trial court in favor of the party for whom the judgment is rendered includes the finding of every fact necessary to sustain the judgment. Martin v. Spaulding et ux., 40 Okla. 191, 137 P. 882; Nelson v. Hamra et al., 127 Okla. 141, 259 P. 838.

We may therefore assume that the trial court found that Garrett and Cooper had failed to sustain the burden of proving that Bayer was the agent of plaintiff.

Defendants assign as error the refusal of the trial court on the objection of plaintiff to permit the introduction of certain evidence offered by defendants in their attempt to prove that Bayer was the agent of plaintiff.

The defendant Otis Garrett, having testified that shortly after he (Garrett) had bought the property he had talked with Bayer, was asked by his counsel the following question:

"Q. Now I will ask you whether or not in that conversation anything was said about the purchase of the property by Mr. Bayer?"

This was objected to as incompetent and upon other grounds which we need not consider. The court sustained this objection, whereupon the defendant made the following offer:

"We offer to show that if permitted to ask the witness the question that witness would testify in the conversation referred to, Mr. Bayer did mention that he wanted to purchase the surface of the property for Mrs. Reinhart, the plaintiff in this action."

This offer was objected to upon the ground that such testimony was incompetent, irrelevant, and immaterial, and upon other grounds which it is not necessary for us to consider. The objection to the offer was sustained. These rulings were correct. Neither the declaration nor acts of an alleged agent are competent evidence to prove the existence of the agency. Walker et al. v. W. T. Rawleigh Co., 133 Okla. 75, 271 P. 166; Winnebago State Bank v. Hall, 127 Okla. 215, 260 P. 497, and cases there cited.

The other assignments of error relate to the exclusion of testimony by which it was sought to prove that Bayer knew of the existence of the unrecorded mineral deed and lease to Cooper, and that Bayer understood or agreed that Garrett intended to reserve an interest in the property conveyed by him. Since the defendants failed to establish that Bayer was the agent of the plaintiff, it follows that Bayer's knowledge of the existence of these unrecorded instruments, if he had such knowledge, cannot be imparted to plaintiff.

It also follows, from the failure of defendants to establish that Bayer was the agent of plaintiff, -that the alleged oral agreement between Bayer and defendant Garrett that Garrett was to retain certain mineral rights in the land (even if such agreement were valid, which there is no occasion for us to decide), was not binding upon the plaintiff. It is therefore not necessary for us to pass upon the rulings of the trial court which excluded testimony offered to prove this alleged agreement.

The judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Irwin Donovan, Charles P. Gotwals, and E. R. Jones in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Counsel, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Donovan, and approved by Mr. Gotwals and Mr. Jones, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.