ATTEBERRY et ux. v. AULICK et al.

No. 33982. May 22, 1951.

*231 P. 2d 993.*

G. G. McBride, Oklahoma City, for plaintiffs in error.

A. E. Pearson, Oklahoma City, for defendants in error.

DAVISON, J. This is a suit brought by the plaintiffs in error, as plaintiffs, against Mrs. Lee Aulick, as defendant, for specific performance of a contract pertaining to 20 acres of land in Oklahoma county, Oklahoma. During the trial of said cause, Roscoe R. Aulick was made an additional party defendant. The cause was tried by the court without the aid of a jury and resulted in a judgment for the defendants, from which plaintiffs have appealed.

The contract involved herein was executed on April 23, 1945, and the pertinent part thereof is as follows:

"Contract for Deed.

"This Agreement, Made and entered into this the 23rd day of April, 1945, by and between Mrs. Lee Aulick, party of the first part, and Guy and Roxie Atteberry, parties of the second part.

"Witnesseth, That the said party of the first part hereby agrees to sell and convey unto the said parties of the second party by a good and sufficient Warranty Deed clear of all incumbrances, the following described real estate, to-wit: (The land description omitted) in the County of Oklahoma, State of Oklahoma, for the sum of Seventeen Hundred and no-100 - - - - Dollars ($1700.00) payable as follows, to-wit: $ _____ Cash in hand the receipt of which is hereby acknowledged

"$500.00 placed with this contract

"$1200.00 upon completion of this contract, upon approval of merchantable title.

" . . .

"All papers left in the First National Bank in Carmen, Oklahoma, they are to act as Escrow Holders of said papers.

" . . .

"It is further agreed that said party of the second part to have the possession of said premises and the use thereof after the 1st day of May, 1945, and commit no waste nor suffer any to be committed, and to pay all taxes thereon after the year of 1945, and to keep all fences, building and improvements thereon in good condition as they are now, usual wear and tear and loss by fire and inevitable casualty only, excepted.

"Any failure on the part of the second party to faithfully keep and perform each and all of the above conditions required or to make any of the payments at the time and in the manner above specified, shall render

this contract void at the option of the said party of the first part, and she may retain all payments, made as agreed and liquidated damages and recover immediate possession of said premises.

"In Witness Whereof, Said parties have hereunto set their hands this 23rd day of April, 1945.

"Mrs. Lee Aulick
"Guy Atteberry
"Roxie Atteberry."

The plaintiffs relied on the contract for specific performance and the defendants defended upon the ground of plaintiffs' abandonment of same. The only necessary question for determination herein is whether the contract had been abandoned by plaintiffs. In order for this determination we must look to the record to find the reasons for the judgment of the trial court.

At the time the contract herein was executed the legal title to the land was in Roscoe R. Aulick and the equitable title was owned by defendant Mrs. Lee Aulick.

The action herein was commenced on May 29, 1947, being approximately two years after the execution of the contract.

The evidence introduced on behalf of the plaintiffs is to the effect that the plaintiff Guy Atteberry, a resident of Oklahoma county, Oklahoma, went to the home of the defendant Mrs. Lee Aulick, in Carmen, Alfalfa county, Oklahoma, and talked with her relative to the purchase of the lands herein, which conversation culminated in the execution of the above contract; that the earnest money ($500) was placed with the contract, together with a warranty deed from defendant Mrs. Lee Aulick to plaintiffs, in the First National Bank of Carmen, and that the full consideration for the deed was to be paid upon approval of merchantable title; that soon after the execution of the contract, the defendant mailed to plaintiffs her abstract and an unrecorded deed from Roscoe R. Aulick

(son of defendant) conveying to Mrs. Lee Aulick the lands herein; that this deed was signed by Roscoe R. Aulick and his wife (at that time separated but not divorced) but acknowledged only by Roscoe R. Aulick; that plaintiffs gave the abstract and deed to their attorney for examination and were informed by him that the deed was not in proper form by reason of the failure of acknowledgment of the wife; that their attorney drew up a new deed and sent it to defendant with the following letter:

"July 9, 1945

"Mrs. Lee Aulick
"Carmen, Oklahoma

"Dear Mrs. Aulick:

"Mr. Atteberry was in today stating that he had received a letter from you wanting to know what was holding up the deal. The deed given you by Roscoe R. Aulick and Edna E. Aulick is not in the proper form and would not pass a good title to you. In the first part of the deed it only mentions the husband and the wife, Edna is not mentioned. Then too Edna Aulick did not acknowledge signing the deed before a notary. The law requires that the husband and wife join in giving a deed. Therefore, I am sending you a new deed and will ask that you have Roscoe sign it at once and have it acknowledged before a Notary Public and return it to me. I will then have Edna E. Aulick sign it and then the deed will be ready for filing. A deed was mailed several days ago, but I take it for granted that you did not receive it, so please get this one signed and return it to me and we will try to get this matter closed at once.

"Trusting that you can get this deed signed at once and that I may receive it back and we can get the matter closed at once, I remain,

"Very truly yours."

Plaintiffs also introduced in evidence three copies of short letters written by their attorney to Mrs. Lee Aulick dated November 6, 1945, November 16, 1945, and December 10, 1945, respectively,

requesting that defendant do something immediately regarding the fulfillment of the contract.

The next letter written by the plaintiffs' attorney to the defendant was dated May 14, 1947, and is as follows:

"May 14th, 1947

"Mrs. Lee Aulick
"Carmen, Oklahoma

"Dear Mrs. Aulick:

"You will recall that quite sometime ago you made a contract with Mr. Guy Atteberry wherein you agreed to sell him a certain Twenty acre tract of land East of Oklahoma City. As I recall the contract was signed and left with your banker there in Carmen. Also Mr. Atteberry put up $500.00 cash to apply on the sale price.

"Later it developed that you did not have a good title to this property and in order for the title to be corrected it was necessary for you to have your son and his wife execute a deed to you covering this property. I have had the matter up with you at different times trying to help Mr. Atteberry get the matter closed. So far you have failed to do anything towards getting this matter closed.

"Now Mr. Atteberry is demanding that this matter be closed up as he is ready and willing to pay the balance of the purchase price when you give him a good title to this property.

"Unless you get this matter in position to close at once within the next few days, then there is just one thing left, Mr. Atteberry will have to file suit to force you to complete this sale. There is no question but what you can be forced to complet— this deal as set out in your contract.

"Please let me hear from you at once and in the event I can help in securing the signature of the son's wife here in the City to the deed, then I will be glad to do so.

"Very truly yours,"

The plaintiff Guy Atteberry testified that he went to Carmen in 1946 for the purpose of trying to get the defendant to close up the deal but that she was gone and he talked to the banker, who informed him he could do nothing without the presence of defendant.

On cross-examination the plaintiff Guy Atteberry admitted that he had been in possession of the property for several years before the execution of the contract, and remained in possession thereof from the date of the contract and was in possession of same at the date of trial; he further admitted that Roscoe R. Aulick never lived on the property and that plaintiffs had never paid taxes on the property from the date of the contract to the date of trial; he also admitted that the deed and abstract were never returned to plaintiff and that there was never any written opinion nor requirement made by his attorney except as contained in the letters hereinbefore referred to. He also admitted that when he went to see defendant in May, 1947, he knew there was an oil play in close proximity to the land in question.

The record discloses that the abstract and the unrecorded deed, hereinbefore referred to, from Roscoe R. Aulick and wife to Mrs. Lee Aulick, was transmitted to plaintiffs by defendant in a registered letter of instructions dated June 1, 1945, in which defendant stated "If its all right have the deed recorded and the abstract brought down to date by a bonded abstractor so we can close the deal."

The defendant Mrs. Lee Aulick testified that she was 87 years of age at the time of the execution of the contract; that she received the deed from plaintiffs' attorney with the request that she have her son execute same in her favor, but that she never transmitted it to her son for execution and that she had never requested her son, who was a resident of another state, to execute the new deed; that she paid the taxes on the premises for all years and figured that the plaintiffs had abandoned the contract; that she advised the banker (escrow holder) of the

abandonment of the contract; that plaintiff, Guy Atteberry came to Carmen to see her in the latter part of May, 1947; that this was the only time she had seen him in two years; that plaintiffs had abandoned the contract and only got re-interested in it in the spring of 1947, immediately after an oil play started near the land and after the premises had been leased for oil.

A summary of pertinent parts of the evidence shows: That the defendant Mrs. Lee Aulick, had never heard from the plaintiffs, directly, since the date of the contract until May, 1947, when plaintiff Guy Atteberry came to see her; that she had not heard from plaintiffs' attorney between December 10, 1945, and May 14, 1947; that defendant continued to pay the taxes on the premises although the contract required plaintiffs to pay same; that one of the letters from plaintiffs' attorney to Mrs. Lee Aulick stated: "Therefore, I am sending you a new deed and will ask that you have Roscoe sign it at once and have it acknowledged before a Notary Public and return it to me. I will then have Edna E. Aulick sign it and then the deed will be ready for filing." (Why did plaintiffs not have Edna E. Aulick acknowledge the deed which she had previously signed and which was in their possession?)

Whether a contract is abandoned is a question of fact, to be determined by the court from all the facts and circumstances of the particular case. Campbell v. Johnson, 131 Okla. 79, 267 P. 661; Hoodenpyl v. Guinn, 170 Okla. 78, 38 P. 2d 510; Nelson v. Hamra, 127 Okla. 141, 259 P. 838; Garrett v. Reinhart, 169 Okla. 249, 36 P. 2d 884.

Specific performance of a contract is not a matter of right, but a question of equity, and the application is addressed to the sound legal discretion of the trial court and controlled by the principles of equity in full consideration of the circumstances in each case. In an equitable action, the presumption is in favor of the correctness of the judgment of the trial court and the judgment will not be set aside unless it is against the clear weight of the evidence. Crutchfield v. Griffin, 139 Okla. 35, 280 P. 1075.

The judgment appealed from is not against the clear weight of the evidence.

There is no necessity of discussing the rights of the defendant Roscoe R. Aulick, due to the fact that his interests in the lands are fixed by the judgment in favor of the defendant Mrs. Lee Aulick, who died after the judgment herein was appealed from.

The question as to the ownership of the $500 in the bank in Carmen is not involved in this suit, and we express no opinion thereon.

Judgment affirmed.