**DOMINIC et al. v. DAVIS et al.**

No. 35715.

Supreme Court of Oklahoma.

Oct. 13, 1953.

144

Counts, Counts & Dane, Brown, Brown & Brown, McAlester, for plaintiffs in error.

Bob Perdue, Wilburton, Windham & Windham, Poteau, for defendants in error.

O'NEAL, Justice.

In this proceeding we are limited to the consideration of the following questions: (1) Whether the petition of electors of Lynwood-Cambria District No. 31 of Latimer County, Oklahoma, to attach described area to Wilburton Independent District No. 1 of Latimer County, Oklahoma, contained the signature of a majority of the qualified electors of said District No. 31, and were obtained without misrepresentation; (2) whether the named School Districts are adjacent districts or in the same transpor--

tation area as provided by Title 70 O.S.1951 § 7–1, Subsection (a); (3) whether electors of the negro race residents of District No. 31, were eligible to vote at the annexation school election; and (4) whether the trial court erred in admitting in evidence the letter of the School Board of Wilburton District, dated January 28, 1952.

For clarity we will refer to the Wilburton Independent District No. 1 as the Wilburton District or, in the alternative, as appellee, and the Lynwood-Cambria District as District No. 31, or, in the alternative, as appellants.

Prior to the proceedings here involved a School District designated "Battles" was divided, one portion being annexed to the Wilburton District in Latimer County, and the other portion to the Hartshorne District in Pittsburg County. The petition for annexation contained only the signature of electors residing in District No. 31. The proceedings here involved are based upon the Act known as the Oklahoma School Code Laws 1949, p. 517, Art. 1, § 1, et seq., Title 70 O.S.1951 § 7–1, Subsection (a), which Act authorizes one school district to be annexed to an adjacent school district, or to a school district in the same transportation area authorized to furnish transportation * * * when approved at an annexation election called and conducted by the County Superintendent of Schools, upon application of a majority of the school district electors in the territory proposed to be annexed.

On January 23, 1952, appellees filed with the County Superintendent of Schools of Latimer County, a petition requesting that District No. 31 be annexed to the Wilburton District. After the annexation order was entered as prayed for, appellants appealed to the District Court asserting that the annexation was void for the following reasons: (a) It does not contain the valid signatures of a majority of the electors of District No. 31; (b) contains the names of electors who did not personally sign the petition; (c) that certain signatures were obtained by fraud by falsely representing that the purpose of the petition was to annex "Battles" an adjoining school district to District No. 31 for tax purposes and improving School District No. 31; and (d) that if the names of electors obtained by misrepresentation were stricken, the petition for annexation would not contain 50% of the electors of District No. 31.

By an amendment appellants alleged (1) that District No. 31 is not adjacent to the Wilburton District or within the same transportation area and, therefore, is not subject to annexation; and (2) that the election was illegal and void because twelve electors of the negro race voted in the annexation election.

Upon the trial the court found the issues generally in favor of the appellees and entered an order and judgment sustaining the order of the County Superintendent of Schools of Latimer County, Oklahoma, declaring the annexation valid.

Appellants' contention is that there were 116 qualified electors in District No. 31, and that the names of 71 electors appear upon the annexation petition, 18 of which names should be deleted in determining whether the petition contained a majority of qualified electors because of misrepresentation made by persons circulating the petition; therefore, less than a majority of the qualified electors participated in the election.

Without setting out the testimony in detail of the twenty-three witnesses produced by appellants, it is sufficient for an understanding of appellants' contention to state that they, in substance, testified that the circulators of the petition, Mr. Botts and Mr. Burnett, stated to them that the purpose of the petition was to annex "Battles" to the Lynwood-Cambria (District No. 31) and thereby obtain additional tax money for the benefit of District No. 31. The evidence shows that the petition for annexation of District No. 31 to the Wilburton District was presented to the various electors and that in some instances they read it before signing, and in other instances, signed it without reading it in detail. We cannot escape the conclusion that the electors fully understood that the annexation would permit pupils of high school grades to attend the Wilburton High School, and the grade pupils would continue to attend

the schools in District No. 31. Also, that the electors knew that a railroad passed through that portion of "Battles" formerly attached to the Wilburton District, and that revenue from the taxation of the railroad would enure to the benefit of District No. 31 after the annexation was completed.

Mr. Botts, a member of the School Board of the Wilburton District, and Mr. Burnett, the clerk of said district, testified that the petition was the basis of application to the County Superintendent to annex Lynwood-Cambria (District No. 31 to Battles District) then a part of the Wilburton School District.

■ Upon disputed evidence the court found that appellants did not sustain the burden of proving that their signatures to the petition were obtained by misrepresentation of the appellees.

■■ In Martin v. Spaulding, 40 Okl. 191, 137 P. 882, 883, this court held:

"Where the testimony is oral and conflicting, and the finding of the court is general, such finding is a finding of every special thing necessary to be found to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact."

See also Nelson v. Hamra, 127 Okl. 141, 259 P. 838 and Hoodenpyl v. Guinn, 170 Okl. 78, 38 P.2d 510.

Appellants here contend that under the rule announced in McCoy v. Hall, District Judge, 191 Okl. 311, 131 P.2d 60, that if the petition for annexation is itself insufficient that all subsequent proceedings are void. In the cited case this court construed a former statute 70 O.S.1941 §§ 890.1–890.8, and held that where the petition for annexation is challenged on the ground that the same was procured by illegal means, supported by competent evidence, the court could not sustain the Superintendent's order without first determining the issue of illegality. After the Trial Judge heard the evidence in support of the alleged misrepresentation, he ruled that he had no jurisdiction to review the Superintendent's order. upon the appeal. We ordered the Writ of Certiorari to issue and upon review remanded the case with instructions to the Trial Judge to review and decide the issue of the alleged misrepresentations.

As we have pointed out in the instant case, the court made a general finding against the appellants' contention of misrepresentation. Appellants' reliance upon Petitioners of School District No. 9, Caddo County v. Jones, Dist. Judge, 193 Okl. 9, 140 P.2d 922, does not serve them as the statute there under consideration, 70 O.S. 1941, § 890.1, did not contain a provision for the annexation of all or a part of a school district to a school district *in the same transportation area authorized to furnish transportation.* Moreover, that decision is bottomed upon the facts that the annexation would result in isolating a portion of the school district from which the territory being annexed was being taken, splitting it in two separate parts which were entirely disconnected.

■ In the case at bar the entire area of District No. 31 was attached to the Wilburton District, and the proof discloses that the two districts are adjacent, and that the annexation complies with the present statute in that the annexed district is now attached to a school district in the same transportation area authorized to furnish transportation.

Appellants contend that under the rule of law announced by this court in Musick, County Supt. v. School Dist. No. 41, 186 Okl. 371, 98 P.2d 590, the election must be declared void for the reason that twelve electors of the negro race signed the petition and participated in the annexation election. Appellants invoke Art. 13, § 3 of the Constitution of the State of Oklahoma, which provides:

"Separate schools for white and colored children with like accommodations shall be provided by the Legislature and impartially maintained. The term 'colored children,' as used in this section, shall be construed to mean children of African descent. The term 'white children' shall include all other children."

Our attention is likewise directed to the Annotated Code 1910, Section 7899, which generally provides that wherever separate schools are maintained for white or colored

children that the electors of one race shall not participate in any election pertaining to the schools of the other race.

In Ratliff v. State ex rel. Woods, 1920, 79 Okl. 152, 191 P. 1038, we construed Section 7899 of the Revised Laws of 1910, and held:

"In an election for consolidating certain school districts into a consolidated district to be used for the benefit of the white children, the negro voters were not qualified electors to participate in said election by reason of section 7899, Revised Laws 1910."

In the Musick, Kingfisher County Superintendent case, supra, we adhered to our decision in the Ratliff case, supra, upon the ground that Section 7899 of the Revised Laws of 1910 was not repealed by implication because of its omission in the Oklahoma Statutes of 1931 (Chapter 219, Session Laws 1913). However, the 18th Legislature in 1941 specifically repealed Section 7899 of the Revised Laws of 1910. See House Bill 572, Title 75, Chapter 4a.

■ As the record is here presented, we find it unnecessary to pass upon the question as to whether the negro electors were qualified electors and thus properly permitted to vote in the school election for the reason that there is a total absence of proof that illegal votes were cast sufficient to have changed the result of the election, or by whom or for what issue or question submitted such votes were cast. No effort was made by appellants to show fraud or misconduct in the holding of the election, nor was any proof offered as to whether the twelve negro electors voted for or against the annexation of District No. 31 with the Wilburton District.

In Re Incorporation of Town of Big Cabin, Craig County, 132 Okl. 200, 270 P. 75, 78, we said:

"It has been repeatedly held in this state that when an elector is permitted to deposit his ballot, the presumption is in favor of the legality of the vote. And where the validity (invalidity) of elections is alleged on account of illegal voting, those seeking to set aside the result, as declared by the election officials, have the burden of proof,

not only that illegal votes were cast in sufficient number to change the result, but must show by whom and for whom or for what issue such votes were cast. Kimberlin v. Board of County Com'rs, 78 Okl. 143, 189 P. 361; Goar v. Brown, 82 Okl. 227, 200 P. 156; Dunagan v. [Town of] Red Rock, 58 Okl. 218, 158 P. 1170; Cobb v. Berry, 67 Okl. 29, 168 P. 46. No attempt was made in this case to show how any of the persons voted who are alleged to have been illegal voters. On the contrary, from the evidence and statements in appellants' brief, it might be inferred that the majority of the alleged illegal voters voted against the incorporation."

■ Furthermore, there is no merit in appellants' contention that a majority of all qualified electors of the district had to participate in and vote at the election.

In Barnett v. Allen, 205 Okl. 469, 238 P. 2d 811, 812, we held:

"The requirement of a majority vote at a public election is, unless a contrary legislative intention and purpose is clearly expressed, satisfied by the approval of a majority of those voting, those who abstain from voting being considered as acquiescing in the result declared by a majority of those who exercise the suffrage."

The remaining question is whether the letter signed by members of the School Board of Wilburton, dated January 28, 1952, was improperly introduced in evidence over the appellants' objections and exceptions. As we understand appellants' objection, it is contended that pursuant to the petition and the election that District No. 31 in its entirety would be attached to the Wilburton District; that is, both the grade school and the High School pupils in District No. 31 would be compelled to attend the schools in the Wilburton District. That contention is contrary to the record, as the letter of January 28, 1952, discloses that it was written by the Wilburton Board and addressed to the voters of Lynwood and Cambria schools (District No. 31) to advise them that only students of a High School grade would attend the Wilburton school, and that all other grade pupils would

continue to attend the schools in District No. 31.

In view of appellants' contention that the circulators of the petition had made contrary statements, we think that the letter was competent to refute the inference of misrepresentation. Moreover, the court in ruling on appellants' objection stated that the letter would not have any legal effect upon the issue, other than for the purpose and on the question of good faith.

We find no error in the court's ruling. The judgment below is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, DAVISON, WILLIAMS and BLACKBIRD, JJ., concur.