Bernice Selsor BADLEY, Plaintiff In Error,

v.

W. R. DOWNARD, Hubert Wilson and Ida Wilson, Defendants In Error.

No. 37893.

Supreme Court of Oklahoma.

Nov. 10, 1959.

Rehearing Denied March 22, 1960.

504

Hal Welch, Hugo, for plaintiff in error.

Paul & Montgomery, Durant, for defendants in error.

JOHNSON, Justice.

This quiet title action was commenced in the District Court of Coal County, Oklahoma, by Bernice Selsor Badley against W. R. Downard, Hubert Wilson, Ida Wilson (Hubert Wilson's wife), and the following corporations: the Stanolind Oil and Gas Company, the Carter Oil Company, and the Mid-Continent Pipe Line Company, wherein the plaintiff alleged that she owned a one-third undivided interest in the minerals under a certain ten-acre tract of land located in said county, and that the defendants were unlawfully claiming superior

title to hers, and she therefore prayed that her title be quieted.

By agreement no attack was made in the trial court upon the validity of the oil and gas leases held by these companies, and none is made herein, and W. R. Downard was only a nominal party to the action as he had concededly divested himself of title to any interest in the property involved in the action by a quitclaim deed to the defendant Hubert Wilson dated March 11, 1942, and by another quitclaim deed to the plaintiff, Bernice Selsor Badley, dated December 4, 1949.

Plaintiff challenged the validity of the deed to Hubert Wilson allegedly because he was not an innocent purchaser for value. Wilson denied this claim and countered both the defense that he was the record owner without knowledge of any infirmities of his grantor's title, and that plaintiff had been guilty of laches and was barred by the statute of limitations because the deed to W. R. Downard was dated November 18, 1935, and no claim was made on the title until November 3, 1954 (the date of the filing of this suit) and asked that their title be quieted to a one-third mineral interest in said real estate.

The controlling issue raised by the pleadings was whether or not Hubert Wilson was an innocent purchaser for value. The case was tried to the court, and upon this controverted question the court found for the defendants, Hubert Wilson and Ida Wilson, and quieted their title in the one-third undivided mineral interest in the property.

Our problem in determining the rights of the parties is whether or not, under the law and facts, Hubert Wilson was an innocent purchaser for value. In doing so, we will bear in mind the different angles from which this question is presented by the assignments of error and arguments of counsel, being ever mindful of the fact that actions of this class are equitable in their nature, and that the rights of the parties must be governed by the rules pertaining to suits in equity. Keith v. Lawson, 195 Okl. 157, 155 P.2d 716. In that case, in the second paragraph of the syllabus, we said:

"In a case of purely equitable cognizance this court will examine the entire record and weigh the evidence, but unless the judgment is against the clear weight of the evidence the judgment of the trial court will not be disturbed."

The ten-acre tract of land involved in this action was originally owned by John A. Selsor, who acquired it by conveyance from William F. Flinchum, the original allottee. W. R. Downard acquired the property by adverse possession. The full and entire interest in the tract was quieted and confirmed in W. R. Downard by judgments founded upon his claim of acquisition by adverse possession. The first judgment was dated June 13, 1935, which judgment included as defendants Bernice Selsor Badley, Lee Nora Mayer and others, except the defendant Mrs. Jim Hybarger. A default judgment was later rendered (August 22, 1935) against her in the case. The defendants were heirs of John A. Selsor, deceased.

Thus the quitclaim deed to Hubert Wilson hereinbefore mentioned was effectual in conveying to him the full title of the grantor, W. R. Downard, if he was a bona fide purchaser. Garrett v. Reinhart, 169 Okl. 249, 36 P.2d 884.

There was some evidence of an agreement between W. R. Downard and Lee Nora Mayor that she was to have a one-third undivided mineral interest in the ten-acre tract after Downard obtained the judgments quieting his title in the property, and that he was to give her a quitclaim deed for that interest, and probably did. But that deed, if in fact one was given, was lost and never recorded. Also there was some evidence, though not clear, cogent and convincing, tending to establish the contention of the plaintiff that she was to receive a deed from Downard covering her sister's (Lee Nora Mayer's) interest in the ten-acre tract which Downard allegedly held in trust for her sister. But there was no

evidence that Wilson had any knowledge or notice of any such agreements, deed or infirmity in the title, nor is it so contended. Since the defendant Wilson was obviously an innocent purchaser without notice of any infirmity of the title of the property when it was conveyed to him, there remains only the question posed by plaintiff, Was Wilson an innocent purchaser for *value*?

■ In this connection, however, it is noted that the plaintiff and her sister, Lee Nora Mayor, each, after the judgment quieting title against them, admittedly gave W. R. Downard a quitclaim deed to the ten-acre tract and thus clothed him with indicia of title. Under such circumstances we have said that "the equities of innocent purchasers are protected." Noe v. Smith, 67 Okl. 211, 169 P. 1108, 1109, L.R.A.1918C, 435.

■ The plaintiff's contention that Wilson was not an innocent purchaser for value or bona fide purchaser is, in our opinion, without merit.

While it is true as contended by plaintiff that we have said in Adams Oil & Gas Co. v. Hudson, 55 Okl. 386, 155 P. 220, that in order to constitute one a bona fide purchaser three things must exist: (a) a purchaser in good faith; (b) for value; and (c) without notice. And, (that) where a subsequent purchaser interposes the defense of a bona fide purchaser, such plea is in the nature of an affirmative defense and the burden is upon him to show a purchase for value, and on failure to do so he cannot claim the benefits of a bona fide purchaser.

Under the facts and circumstances of the instant case there was proof tending to show that the defendant Wilson in good faith purchased the land for value without notice of the alleged infirmities of the title. He showed the amount, nature and facts with reference thereto establishing that a valuable consideration was paid, and the court so found.

From our examination of the record we are unable to say that the court's finding and judgment is against the clear weight of the evidence; therefore the judgment is affirmed.

DAVISON, C. J., and HALLEY, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., concurs in result.