**E. C. JOACHIM, Plaintiff in Error,**

v.

**Harold WELDON, Defendant in Error.**

No. 39757.

Supreme Court of Oklahoma.

Dec. 18, 1962.

As Corrected April 23, 1963.

Rehearing Denied April 23, 1963.

Walter Hubbell, Hugh F. Fitzsimons, Walters, for plaintiff in error.

Kelsie C. Beauchamp, Jr., Duncan, for defendant in error.

IRWIN, Justice.

Harold Weldon, hereinafter referred to as plaintiff, commenced this action against E. C. Joachim, for the specific performance of an alleged executed oral contract to convey an undivided 1/64 of 7/8ths overriding royalty interest in an oil and gas lease. Plaintiff alleged that, pursuant to an oral contract with defendant, he secured a drilling contractor to drill a well on a lease owned by defendant and in consideration for such services, defendant agreed to convey to him the royalty interest, and had refused to make the conveyance. Defendant filed a general denial.

The trial court found that the parties had entered into the oral contract; that there was performance of the contract on the part of the plaintiff and he was entitled to specific performance on the part of defendant. The court ordered defendant to convey to plaintiff a 1/64 of 7/8ths overriding royalty interest in the lease. Defendant perfected an appeal from the order overruling his motion for a new trial.

## FACTS

Plaintiff testified that he was a driller and was in defendant's store on April 10, 1959, when defendant agreed to give him an interest in the lease "if you (plaintiff) will find somebody to drill it"; that he knew the exact date because he purchased alfalfa

seed from defendant and got a receipt which was introduced in evidence; that defendant had tried to get him to go in with him when defendant acquired the lease; that he contacted several drilling contractors to drill the lease and was unsuccessful until he contacted Paul Hammer who decided to drill the well; that Hammer got a partner, drilled the well and they obtained an assignment of the lease from defendant subject to an override; that on the same date that defendant made the assignment to Hammer and his partner (Mr. Harbour) he demanded that defendant assign him 1/64th of 7/8ths overriding royalty interest and that defendant refused.

Two other drilling contractors testified that plaintiff tried to get them to drill the well. Paul Hammer testified that he had looked at the lease before and decided not to drill but that after plaintiff contacted him he again became interested in drilling the well. Hammer further testified that plaintiff influenced him in drilling the well and stated, "I don't believe I'd of give it any further thought if it hadn't been for him, for Harold (Plaintiff)".

Defendant testified that he acquired the lease in 1955; that a Mr. Worley was interested in the lease with him; that after he acquired the lease he never had any conversation with plaintiff with reference to drilling the well and did not have any oral or written contract with plaintiff.

### CONTENTIONS

Defendant contends that the evidence relied on by plaintiff to establish the alleged contract is not sufficiently clear, cogent and forcible as to bring it within the rule applicable to specific performance cases involving oral contracts.

### CONCLUSIONS

■ Defendant cites Johnson v. Hazaleus, Okl., 338 P.2d 345, wherein we held:

"Before a court of equity will specifically enforce an oral contract, the proof must be so cogent, clear and forcible as to leave no reasonable doubt as to its terms and character."

And in the case of Plante v. Fullerton, 46 Okl. 11, 148 P. 87, we said:

"In an action for specific performance, it is not the function of the court of equity to enlarge upon negotiations between, or complete a contract for parties who have not themselves fully agreed upon its terms; but only to enforce rights arising out of a valid, existing agreement. * * *"

The evidence in the instant action is cogent, clear and forcible as to leave no reasonable doubt that plaintiff and defendant entered into an oral agreement wherein defendant would give plaintiff an interest in the lease if plaintiff would find somebody to drill the lease. That plaintiff fully completed his part of the contract by finding a party who drilled the lease. We therefore conclude that plaintiff and defendant entered into an oral contract as contended by plaintiff and the trial court did not err in so finding.

■■ In Atteberry v. Aulick, 204 Okl. 540, 231 P.2d 993, we held:

"Specific performance of a contract is not a matter of right, but a question of equity, and the application is addressed to the sound legal discretion of the trial court and controlled by the principles of equity in full consideration of the circumstances in each case.

*    *    *    *    *    *

"In an equitable action, the presumption is in favor of the correctness of the judgment of the trial court, and such judgment will not be set aside unless against the clear weight of the evidence."

See also Stinchcomb v. Stinchcomb, 207 Okl. 59, 246 P.2d 727.

■ The findings of the trial court that there was performance of the oral contract on the part of the plaintiff is not against the clear weight of the evidence and the trial court did not abuse its discretion in decreeing specific performance.

Judgment affirmed.